UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEROY JOSEPH, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-09-CA-485-XR (NN) |
| TEXAS BOARD OF PARDONS AND § | | |
| PAROLES, § | | |
| RISSIE OWENS, JENNIFER CURREY, § | | |
| RYAN CHAMBER, § | | |
| § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION

**TO:** Hon. Xavier Rodriguez
United States District Judge

This report and recommendation recommends dismissing this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Although there is no pending motion to dismiss, the "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'"[1] In this case, there is no question that the process is fair because I issued a show cause order directing the plaintiff to address deficiencies in his pleadings and giving him the opportunity to amend his complaint.[2] In addition, analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Nature of the Case**. Plaintiff Leroy Joseph filed this case under 42 U.S.C. § 1983. As defendants, Joseph named the Texas Board of Pardons and Paroles; Rissie L. Owens, a member

---

[1] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

[2] *See* docket entry # 3.

of the Texas Board of Pardons and Paroles; and two Texas parole officers, Jennifer Currey and Ryan Chambers. Joseph complained that although he was on parole for committing theft, his parole was revoked for failing to register as a sex offender, failing to enroll or participate in a sex offender treatment program, and for removing a sex offender ankle bracelet (sex-offender conditions). The sex-offender conditions were imposed upon Joseph as a condition of parole for theft, based on his 1980 conviction for rape of a child. Joseph maintains that revocation based on the conditions deprived him of civil rights because he was convicted of a sexual offense prior to the enactment of Texas law requiring such conditions as conditions of parole for Texas sex offenders.[3] Joseph claims that he has been deprived of his rights to equal protection, to be free from double jeopardy, and to be free from cruel and unusual punishment, because he was punished a second time for his offense. He complains he received a greater punishment for the sex offense than was available when he committed the sex offense.[4] Joseph also brings a state-law claim for intentional infliction of emotional distress. As relief, Joseph seeks $3 million in compensatory damages and $30 million in punitive damages for violations of his civil rights, and $500,000 in compensatory damages and $ 5 million in punitive damages for his alleged emotional injury.[5]

**Applicable standards**. To state a claim pursuant to Rule 12(b)(6), the plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e.

---

[3]*See* Tex. Crim. Proc. Code Ann. § 62.051 (Vernon 2006 & Supp. 2009). Texas's sex offender registration statute applies to defendants convicted of enumerated sexual offenses and to those who must register as a condition of parole.

[4]Joseph does not complain about the due process violation addressed by the Fifth Circuit in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) (prisoner who was not convicted of a sex offense had right to procedural protections before imposition of sex offender parole convictions).

[5]*See* docket entry # 2, p. 4.

the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[7] Joseph's allegations fail to state a claim under section 1983 for the following reasons.

**Reasons for dismissal**. The first reason Joseph's section 1983 claim fails is because the revocation of his parole has not been invalidated. To the extent Joseph complains about the revocation of parole or mandatory supervision due to the failure to comply with the sex-offender conditions, his section 1983 claim does not accrue until his conviction or sentence (here, the revocation of his parole) has been "declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Joseph questions the validity of his confinement resulting from his parole revocation. He has not indicated that a state or federal court has invalidated the result of the revocation proceeding. Thus, Joseph has no basis for a civil rights action.[9]

There are also substantive reasons Joseph's section 1983 claims fails. Joseph cannot

---

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[7] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[8] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[9] *See Littles v. Bd of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (affirming dismissal of section 1983 claim under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because the plaintiff had not alleged that the parole board's revocation decision had been reversed, expunged, set aside, or called into question). The *Heck* doctrine continues to apply even though plaintiff has been released from confinement, has discharged his current offense, and is no longer under the supervision of the TDCJ-Parole Division. *See Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000).

prevail on his equal-protection claim because he cannot show that sex offenders are a suspect class or that they have been denied a fundamental right.[10] His ex-post-facto-clause claim does not state a claim for relief because sex offender registration statutes are not punitive.[11] Joseph's double-jeopardy claim and his cruel-and-unusual punishment claim fail for the same reason—because sex offender registration statutes are non-punitive in nature.[12]

**Recommendation**. I recommend dismissing Joseph's section 1983 claim for the reasons discussed above. In the absence of a viable section 1983, the district court has no basis for jurisdiction over Joseph's claim for intentional infliction of emotional distress. Consequently, I recommend dismissing this case. If the district judge accepts these recommendations, defendant Owens' motion for Rule 7(a) reply (docket # 27) can be denied as moot. Joseph addressed the relief sought by the motion in his response and amended complaint (docket entry # 29).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[13] Such party shall file the objections with the clerk of the court, and serve the objections on all

---

[10]*Brown v. Dretke*, 184 Fed. App'x 384, 385 (5th Cir. 2006); *Breshears v. Garrett*, 143 Fed. App'x 570 (5th Cir. 2005).

[11]*Smith v. Doe*, 538 U.S. 84, 103-04 (2003); *Rieck v. Cockrell*, 321 F.3d 487, 488 (5th Cir. 2003).

[12]*Creekmore v. Attorney General of Texas*, 341 F. Supp. 2d 648, 663 (E.D. Tex. 2004).

[13]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[14] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[15]

**SIGNED** on March 1, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[15] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).