# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEROY JOSEPH, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. SA-09-CV-485-XR |
| TEXAS BOARD OF PARDONS & PAROLES, RISSIE OWENS, JENNIFER CURREY, and RYAN CHAMBERS, | § § § § | |
| *Defendants*. | § § | |

**ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION**

On this day, the Court considered the United States Magistrate Judge's Memorandum and Recommendation in the above-numbered and styled case (Docket Entry No. 30). After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation to DISMISS this case.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Magistrate Judge issued her Memorandum and Recommendation on March 1, 2010. Accordingly, objections were due by March 19, 2010. Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

In this case, Plaintiff Leroy Joseph filed this suit under 42 U.S.C. § 1983 against the Texas Board of Pardons & Paroles; Rissie Owens, a member of the Board; and parole officers Jennifer

Currey and Ryan Chambers. Joseph complains that while he was on parole for a conviction of theft, Defendants revoked his parole for failing to register as a sex offender, failing to participate in a sex offender treatment program, and removing a sex offender ankle bracelet. The sex offender requirements were placed on Joseph based on a previous conviction in 1980. Joseph argues that his 1980 offense occurred before the state of Texas enacted the parole requirements for sex offenders. He claims he has been deprived of his right to equal protection, deprived of his right to be free from cruel and unusual punishment, that the parole requirements constitute double jeopardy, and that he has suffered emotional distress.

The Magistrate Judge determined that Joseph failed to state a claim under 42 U.S.C. § 1983. She states that Joseph fails to state a claim based on the procedural posture of this case and that his allegations fail substantively to establish a claim for relief.

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation to DISMISS this case. Defendant Owens's motion for a Rule 7(a) (Docket Entry No. 27) reply is DISMISSED AS MOOT. The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 22nd day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE